UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATTRESS BY APPOINTMENT LLC,
Florida limited liability company,

        CASE NO:  3:20-cv-222-J-34PDB

    Plaintiff,

vs.

DANIEL ADAMS, an individual,

    Defendant.
_____/

## **CONFIDENTIALITY ORDER**

The Plaintiff has requested that certain material should be treated as confidential during the course of this litigation, the Defendant, while not agreeing that such materials are in fact confidential, does not oppose the Plaintiff's request to do so for the purposes of discovery herein; accordingly, it is **ordered**:

    1.    **Scope.**  All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery or otherwise exchanged in this action (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

    2.    **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY" on the document.  The words shall be affixed at the bottom left hand corner of the document and not intrude or overlap any wording set forth therein. Documents shall be designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSESSION ONLY prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or

unintentional production of documents without prior designation shall not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order. A party who fails to designate documents either unintentionally or inadvertently may make a later designation upon discovery by providing notice to the other party of the inadvertent or unintentional disclosure and providing a replacement copy of the documents marked with the corrected designation.  The receiving party will collect and destroy all undesignated copies of the documents and treat the documents in accordance with this Order.

3. **Documents Which May be Designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY.**  Any party may designate documents as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive business information, or confidential research, development, or commercial information. The CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY classification, being more highly protective of disclosure than the CONFIDENTIAL classification, governs information that an attorney, in good faith, determines contains trade secrets or would materially affect the business, financial, commercial, or proprietary interests of the party or person producing such material if such information is disclosed. The certification for one of the designations shall be made concurrently with the disclosure of the documents, using the form attached hereto as Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.

4. **Depositions.** Portions of depositions shall be deemed CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation

shall be specific as to the portions to be protected.

   5.   **Protection of Confidential Material.**

   a.   **General Protections.** Documents designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

   b.   **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY under the terms of this Order to any other person or entity except as set forth in subparagraphs below. Prior to making any such disclosure of any documents designated under the terms of this Order to any of the persons or entities identified in subparagraph (2), (3) or (6) below, the party seeking to make such disclosure shall first have such intended recipient execute an acknowledgment in the form set forth as Attachment B hereto, and shall provide a copy of such acknowledgement to the other party no less than ten (10) business days prior to such party disclosing such designated documents to the intended recipient, so that the other party may confer with the disclosing party, object or seek a protective order or other appropriate relief to prevent such disclosure, if reasonably necessary. However, in the event a party obtains an executed acknowledgment from an expert (as defined below in subparagraph (6)), such party shall not be required to disclose the acknowledgement to the other party unless and until such expert is disclosed to the other party. Subject to these requirements, the following categories of

persons may be allowed to review documents which have been designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY pursuant to this Order:

 (1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

 (2) parties and employees of a party to this Order;

 (3) lay witnesses subject to the limitations below;

 (4) The Court or court personnel for use during the course of this litigation, through trial, and/or any appeals;

 (5) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

 (6) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

 (7) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

In the event a party seeks to utilize or disclose any documents marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' POSSESSION ONLY with a lay witness, either at deposition, trial, or through other means of discovery, that party shall not permit the witness to maintain possession of any original or copy of such document(s) beyond the specific discovery being sought, *i.e.* deposition or otherwise.

b. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order. Documents designated as CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY shall at all times be

maintained at the offices of the parties' legal counsel of record. The parties shall not be permitted to possess copies, whether digital or physical, of any documents designated CONFIDENTIAL – ATTORNEYS' POSSESSION ONLY and may only view such documents while physically with their legal counsel of record.

e. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY", as the case may be, if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing the document under seal, subject to the Court's prior approval and in accordance with applicable rules; (2) filing a redacted document with the consent of the party who designated the document as confidential; (3) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (4) where the preceding measures are not adequate, seeking permission to file the document under seal.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation.** Any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY designation is subject to challenge. The following

5

procedures shall apply to any such challenge.

    a.    The burden of proving the necessity of a designation remains with the party asserting confidentiality.

    b.    A party who contends that documents designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the designation.

    c.    Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

        (1)    the party who claims that the documents are confidential withdraws such designation in writing;

        (2)    the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or

        (3)    the court rules that the documents should no longer be designated as confidential information.

    d.    Challenges to the confidentiality of documents may be made at any time and are not

waived by the failure to raise the challenge at the time of initial disclosure or designation.

e. A party's failure to challenge the confidentiality of documents will not be deemed a concession or admission that such documents are trade secrets, commercially sensitive, or otherwise properly designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY.

9. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY under this Order, including copies, shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY so long as

that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be confidential under the terms of this Order.

10. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery only. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY by counsel is subject to protection until such time as a document-specific ruling shall have been made.

12. This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**Ordered** in Jacksonville, Florida, on July 15, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATTRESS BY APPOINTMENT LLC, a
Florida limited liability company,

        Plaintiff,                              CASE NO: 3:20-cv-222-J-34PDB

vs.

DANIEL ADAMS, an individual,

        Defendant.
_____/

**CONFIDENTIALITY DESIGNATION**

        Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY subject to the Consent Confidentiality Order entered in this action dated_____.

        By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Consent Confidentiality Order.

Date: _____

                                                                              _____
                                                                              Signature of Counsel

                                                                              _____
                                                                              Printed Name of Counsel

## ATTACHMENT B

### ACKNOWLEDGMENT OF UNDERSTANDING
### AND AGREEMENT TO BE BOUND

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATTRESS BY APPOINTMENT LLC, a
Florida limited liability company,

              CASE NO:  3:20-cv-222-J-34PDB

  Plaintiff,

vs.

DANIEL ADAMS, an individual,

  Defendant.
_____/

### CONFIDENTIALITY ACKNOWLEDGEMENT

  The undersigned hereby acknowledges that he or she has read the Consent Confidentiality Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Florida in matters relating to the Consent Confidentiality Order and understands that the terms of said order obligate him/her to use discovery materials designated CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS' POSSESSION ONLY solely for the purposes of the above-captioned action, and not to disclose any such information to any other person or firm.

  The undersigned acknowledges that violation of the Consent Confidentiality Order may result in penalties for contempt of court.

  Name: _____

  Job Title: _____

  Employer: _____

  Business Address: _____

Date:_____            _____
                            Signature