# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MATTRESS BY APPOINTMENT LLC,

    Plaintiff,

v.                                   Case No.   3:20-cv-222-MMH-PDB

DANIEL ADAMS,

    Defendant.

## REQUEST TO THE REGISTER OF COPYRIGHTS PURSUANT TO 17 U.S.C. § 411(b)(2)

**THIS CAUSE** came before the Court on Defendant's Motion for Submission by the Court of Questions to the United States Copyright Office Pursuant to 17 U.S.C. §411(b)(2) and 37 C.F.R. §205.14 (Doc. 51; Adams Motion) and Plaintiff's Motion for Request to the Register of Copyrights Under 17 U.S.C. § 411(b)(2) and 37 C.F.R. § 205.14 and to Stay This Case (Doc. 55; MBA Motion). In their respective Motions, the parties requested that the Court submit proposed questions to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2) and 37 C.F.R. § 205.14. Each party opposed the other's proposed questions. See Plaintiff's Memorandum of Law in Opposition to Defendant's

Copyright Motion (Doc. 63; MBA Response), filed February 2, 2021; Defendant Daniel Adams' Response in Opposition to Plaintiff's Motion for Request to the Register of Copyrights Under 17 U.S.C. §411(b)(2) and 37 C.F.R. §205.14 and to Stay the Case (Doc. 67; Adams Response), filed February 15, 2021. On September 9, 2021, the Court held a hearing on these Motions, at which all parties appeared via Zoom. See Minute Entry (Doc. 84; Hearing). At the Hearing, the Court granted the Motions to the extent the Court found it appropriate to submit revised questions to the Register and denied the Motions to the extent the Court's questions do not include any particular question or verbiage that a party requested. Id. After briefly setting out the background of this lawsuit to provide context, the Court requests the advice of the Register of Copyrights on the questions below.

## I. Background[1]

Plaintiff Mattress by Appointment LLC (MBA) "sells and markets mattresses throughout the United States through a network of independent dealers who solicit and schedule one-on-one appointments with customers and potential customers." See Amended Complaint for Declaratory Judgment and

---

[1] The Court has declined to make factual findings at this stage in the proceedings. Nevertheless, for the limited purpose of resolving the Motions, the Court is satisfied that MBA has set forth a plausible claim for invalidation which has some factual support in the record. The facts set forth below are primarily based on MBA's allegations in the Amended Complaint and the limited evidence presented with the Motions. Adams disputes these allegations, and the facts are subject to change upon further development of the record.

Demand for Jury Trial (Doc. 37; Am. Compl.) ¶ 6. Defendant Daniel Adams began working as a dealer for MBA in 2013. Adams did well and in late 2014, MBA made Adams its national director of training whose responsibilities included training MBA's new dealers. In his role training new dealers, Adams was responsible for MBA's training materials.

MBA alleges that it created these training materials "prior to the time that [Adams] first met MBA and its representatives, and prior to the time MBA first provided [Adams] with access to them." See Am. Compl. ¶ 24. MBA refers to these allegedly preexisting materials as "the Playbook" and has identified them as Exhibits 5-11 of the MBA Motion. See MBA Motion, Ex. 4 ¶¶ 15-20. According to MBA, Adams worked with MBA management to revise these materials. See Am. Compl. ¶ 26. Adams disputes this characterization and maintains that he never received "the Playbook." Adams contends that he independently created the entire, or nearly the entire, business manual.

Adams filed an electronic application with the Copyright Office on August 26, 2019, seeking a copyright for a work titled "Mattress by Appointment Business Plan." See MBA Motion, Ex. 22. On September 24, 2019, the Copyright Office issued Copyright Registration No. TXu 2-156-964 to Daniel Adams, effective August 26, 2019. See id., Ex. 2. According to MBA, Adams' application contained the following inaccuracies: 1) an assertion that Adams is the sole author of the work, 2) an assertion that Adams completed the creation

of the work in 2014, and 3) a failure to disclose that the work was based on the preexisting "Playbook" materials.  See Am. Compl. ¶¶ 41-43.  Adams denies that the application contains any material misrepresentations.  In presenting the questions below to the Register, the Court expresses no opinion as to whether MBA will ultimately sustain its allegations at trial.

## II.   Questions

At the request of the parties, the Court asks the Register to please take into account the following: a) the Application identified one author, Daniel Adams, b) the Application identified the author's creation as "text," and c) the applicant did not otherwise limit the copyright claim.   To aid in the resolution of this matter, and in accordance with 17 U.S.C. § 411(b)(2), the Court submits the following questions to the Register:

1) Would the Register of Copyrights have refused to register Copyright Registration No. TXu 2-156-964 if the Register had known that the graphics and photographs in the Deposit Materials were preexisting materials authored by someone other than Daniel Adams?

2) a.  Would the Register of Copyrights have refused to register Copyright Registration No. TXu 2-156-964 if the Register had known that an appreciable amount of the text in the Deposit Materials is based on and incorporates preexisting materials authored by someone other than Daniel Adams, specifically the documents identified herein as "the Playbook"?

   b.  Would the Register of Copyrights have refused to register Copyright Registration No. TXu 2-156-964 if the Register had known that the Deposit Materials contain a limited number of individual words or phrases authored by someone other than Daniel Adams?

3) Using the online registration application, in response to the prompt "Year of Completion (year of Creation)," Daniel Adams answered "2014." Adams maintains that he "created" the materials in 2014, but it is undisputed that the Deposit Materials were not "completed" until 2017. If the Register of Copyrights had known the foregoing information, would she have refused to register Copyright Registration No. TXu 2-156-964, which has an effective date of August 26, 2019?

4) Would the Register of Copyrights have refused to register Copyright Registration No. TXu 2-156-964 if the Register had known that the registered work contained text that Daniel Adams did not author?

5) Would the Register of Copyrights have refused to register Copyright Registration No. TXu 2-156-964 if the Register had known that the registered work contained text that Daniel Adams authored jointly with someone else?

The Clerk of the Court shall **submit** a copy of this Request to the Acting General Counsel of the Copyright Office via email as specified in 37 C.F.R. § 205.14. To aid the Register in her analysis of these questions, the Court further **directs** the Clerk of the Court to send the following materials to the Register of Copyrights at the address below: 1) a copy of the parties' Motions (Docs. 51, 55) and Responses (Docs. 63, 67); 2) a copy of the alleged "Playbook" (Docs. 56-57) marked confidential; and 3) a copy of this Request.

Because the "Playbook" materials are filed under seal with the Court as alleged trade secrets, the Court requests that the Register either return or destroy the alleged "Playbook" materials upon completion of her review and certify in her response the disposal of these materials.

The Court requests a response by October 29, 2021.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of September, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

Shira Perlmutter
    Register of Copyrights and Director
    U.S. Copyright Office
    P.O. Box 70400
    Washington, DC 20024-0400

Kevin R. Amer
    Acting General Counsel and Associate Register of Copyrights
    U.S. Copyright Office
    411filings@copyright.gov